FILED
2017 MAY 12 PM 3: 02
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A. )<br>as TRUSTEE FOR HARBORVIEW )<br>MORTGAGE LOAN TRUST 2006-10 )<br>and its assignees and/or successors )<br>in interest )<br>)<br>          Movant, )<br>)<br>v. )<br>)<br>Christopher Jaffier )<br>)<br>          Debtor )| Chapter: 7<br>Case No.: 17-15159 |

### DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY BY WELLS FARGO BANK, N.A. as TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-10 and its assignees and/or successors in interest

NOW COMES the Debtor, Christopher Linley Jaffier, who objects to the Motion For Order Granting Relief From Automatic Stay by WELLS FARGO BANK, N.A. as TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2006-10 and its assignees and/or successors in interest (herein referred to as the "Movant") on the following grounds:

1. Upon information and belief, Debtor asserts that Movant never purchased or acquired Debtor's loan and mortgage

2. Upon information and belief, Debtor was not made aware that his note was transferred or sold shortly after executing a contract to an investment group or trust until his efforts to discover the owner of his loan several years later. There was no meeting of the minds.

3. Upon information and belief, Debtor asserts that his note and mortgage were bifurcated and entered the Mortgage Electronic Registration System ("MERS") sometime shortly after the promissory note was signed. Even if MERS possess the power of sale, MERS would have to be a necessary party and should be enjoined in the Movant's motion for relief to be granted. In addition, competent evidentiary proof that the power of sale was transferred to Movant must be provided.

4. Upon information and belief, Debtor asserts that the alleged copy of the note attached to the Motion is not a copy of the original note executed in 2006 at settlement on the property.

5. Movant has not presented an affidavit or any competent evidence under oath in support of the alleged amount it is seeking of $507,065 in damages.

6. Upon information and belief, Debtor defaulted on his mortgage payments made to GMAC Mortgage LLC ("GMAC") on or around August 2008, not 7 months prior to March 2010, as alleged by Movant. This statement by the Movant in its alleged estimated outstanding obligations is a misrepresentation most likely stemming from the fact that the servicer, GMAC, filed for bankruptcy in 2011 and subsequently were under investigation for errors, misrepresentations and other deficiencies caused as part of their foreclosure process. It therefore stands to reason, that the business records of GMAC cannot be relied upon by any subsequent servicer or entity that assumes or refer to those same records.

7. Upon information and belief, Debtor asserts that Movant may have engaged in such practice alleged above pursuant to information publicly available that Wells Fargo allegedly created a manual on the procedures used to fabricate evidence in foreclosure cases, including but not limited to, the production of falsified documents.

8. Upon information and belief, Debtor was informed that the original creditor of the promissory note executed in 2006 was BankUnited FSB and the servicing of loan payments were to be made to GMAC in its capacity as the servicer. Debtor is not aware of any valid transfers or sale of the note and mortgage in title and equity from BankUnited FSB to Movant or any other entity. Movant does not hold the power of sale of the Mortgage and no evidence has been presented that it holds such power of sale.

9. Debtor raises the dispute as to proof of agency. In his efforts to ascertain the true owner of his note and mortgage, Debtor received a letter dated August 15, 2011 (See Exhibit A) from Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., that stated in pertinent part "Unable to verify active mortgage on property address supplied". Debtor construed the response to mean that Wells Fargo et al, did not possess his mortgage or note, a clear indication that Movant has no agency.

10. Upon information and belief, the purported assignment attached to the Motion is null and void. The assignment indicates that is was prepared by BankUnited N.A. on December 31, 2014. In his efforts to ascertain the true owner of his note and mortgage, Debtor received a letter from BankUnited N.A. that clearly states in pertinent part that "BankUnited, N.A. is not the current servicer or owner of your mortgage loan, nor has BankUnited, N.A. been the servicer or owner of your mortgage loan" (See Exhibit B). As such, Movant cannot possibly be a holder of the Note and Mortgage by way of a valid assignment and has no right at law or equity to enforce the Note and Mortgage.

11. Upon information and belief, even if Movant had the rights to foreclose, Debtor asserts that certain conditions precedent need to be met pursuant to the deed of trust and note before commencing foreclosure. Part of the conditions precedent include, but is not limited to, sending of the following correspondence to the Debtor 1) Dunning letter 2) Notice

of Default 3) Notice of Intent to Foreclose.

12. Debtor has not received a dunning letter, notice of default or notice of intent to foreclose from the Movant. Since the Movant has not met these conditions precedent, the Movant's request to lift the automatic stay should be denied.

13. Upon information and belief, the Note was a negotiable instrument under Maryland Uniform Commercial Code and the Movant did not acquire the Note as required via negotiation.

14. To endorse a note, the current holder must sign the actual instrument or they may firmly affix an allonge so that it becomes part of the note itself.

15. The UCC proposes mere assignment alone of an instrument is not sufficient to make the assignee a holder. When an instrument is assigned, it is not necessarily indorsed to the assignee. Courts have supported this interpretation and in bankruptcy proceeding. Assignment alone does not make the note owner a holder in the absence of endorsement and delivery to the person currently in possession.

16. For all the foregoing reasons, Movant has failed to demonstrate that cause exists to grant it relief from the automatic stay, and the Relief From Automatic Stay should be denied.

WHEREFORE the Debtor respectfully request that the court sustain the Objection, deny the Movant's Motion For Relief From Automatic Stay, and grant the Debtor such other and further relief as may be just.

Dated: May 12, 2017

Respectfully Submitted _____

Christopher Jaffer
2205 Dryden Ct,
Waldorf, MD 20601
(301) 221-6545
cjaffier@hotmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 12th day of May 2017 by U.S. Mail delivery to:

FILED
2017 MAY 12 PM 3:02
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
GREENBELT

Kristine D. Brown, Esquire
William M. Savage, Esquire
Robyn A. McQuillen, Esquire
SHAPIRO & BROWN, LLP counsel for Ocwen Loan Servicing, LLC
10021 Balls Ford Road, Suite 200
Manassas, Virginia 20109

Michael G Wolff
Goren, Wolff & Orenstein, LLC
15245 Shade Grove Road
Suite 465, North Lobby
Rockville, MD 20850

_____
Christopher Jaffer
2205 Dryden Ct,
Waldorf, MD 20601
(301) 221-6545



EXHIBIT A

Wells Fargo Home Mortgage
MAC X2302-019
1 Home Campus
Des Moines, IA 50328-0001

August 15, 2011

Christopher Jaffier
2205 Dryden Ct
Waldorf, MD 20601

Dear Christopher Jaffier:

RE:   Loan Number NA-No Loan

Wells Fargo Home Mortgage (WFHM) received an inquiry regarding a mortgage inqurie. Therefore, I will be addressing your concerns.

We are unable to identify/process the attached request due to the reason(s) indicated below:

- Unable to confirm name(s) provided as an active borrower
- Unable to verify active mortgage on property address supplied
- Please provide the last four digits of the borrower's Social Security Number(s).
- Please provide the borrower's complete name and property address

Please supply the information indicated above and return your request, along with this form in the enclosed postage paid envelope or you can fax the information to my attention at (866) 278-1179.

If you have any questions, please do not hesitate to call me at (877) 501-0871, extension 45992. I am available to assist you Monday through Friday, 8:00 a.m. to 4:30 p.m., Central Time.

Sincerely,

David Rojas
Written Customer Contact

Together we'll go far

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. NMLSR ID 399801

EXHIBIT B

**BankUnited**

BankUnited, N.A.
7815 NW 148th Street
Miami Lakes, FL 33016
T 877 779 2265
www.bankunited.com

April 11th, 2016

Mr. Christopher Jaffier
2205 Dryden Court
Waldorf MD 20601

Re:   Borrower: Christopher Jaffier
Loan Number: BU #5018254
Property Address: 2205 Dryden Court, Waldorf MD 20601

Dear Mr. Christopher Jaffier:

Thank you for your letter to BankUnited, N.A. dated March 29, 2016 regarding a mortgage loan account that you indicate was transferred by BankUnited, FSB to GMAC Mortgage in 2006. In your letter, you reference your receipt of a Notice of Transfer of Servicing to GMAC Mortgage in 2006 and your receipt of a letter in 2011 indicating your loan was transferred to GMAC Mortgage in 2006. You did not enclose with your letter any copies of correspondence as indicated in your letter, however, the correspondence would not change our determination below.

It appears from your letter that you are aware that the servicing and ownership of your loan was transferred by BankUnited, FSB in 2006. From your letter, it also appears that subsequent transfers of servicing and ownership have occurred since the transfer to GMAC.

Accordingly, BankUnited, N.A., which came into existence in 2009, is unable to answer any of your inquiries, nor identify for you the current servicer of the loan and the current servicer's contact information, nor identify for you the current owner, the status of the owner, and the contact information for the owner, regarding a mortgage loan transferred by BankUnited, FSB nearly ten years ago in 2006.

BankUnited, N.A. is not the current servicer or owner of your mortgage loan, nor has BankUnited, N.A been the servicer or owner of your mortgage loan. In the event BankUnited, N.A had been the servicer of your mortgage loan in 2006, in accordance with 12 C.F.R. 1024.35(g)(1)(iii)(A) your inquiry is untimely as it is delivered more than one year after the transfer to GMAC Mortgage in 2006.

Your questions should be directed to the current servicer of your mortgage loan account in accordance with the servicer's requirements for receiving inquiries of this nature.

Sincerely,

Customer Service Research
Mortgage Servicing
Bankunited N.A.